UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHAN BYRD, :<br>:<br>Petitioner, :<br>:<br>v. :<br>:<br>UNITED STATES OF AMERICA, :<br>:<br>Respondent. :<br>: | Civ. No. 23-9610 (RBK)<br><br><br><br>**MEMORANDUM & ORDER** |

**I.    INTRODUCTION**

Petitioner, Stephan Byrd ("Petitioner" or "Byrd"), is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1). Presently pending before this Court is Petitioner's aforementioned § 2255 motion (*see* ECF 1), Petitioner's motion for judicial disqualification of the undersigned from presiding over this action (*see* ECF 2), Petitioner's motion for leave to submit additional pages (*see* ECF 3), Petitioner's motion to submit a full memorandum of law (*see* ECF 4), and Petitioner's motion or an order to show cause. (*See* ECF 5). For the reasons that follow, this Court will

1. Deny Petitioner's motion for disqualification;

2. Order Respondent to file a response to Petitioner's § 2255 motion;

3. Grant Petitioner's motion for leave to submit additional pages construing the motion as those pages that have been already submitted to this Court;

4. Deny as unnecessary Petitioner's motion to submit a full memorandum of law as he will be given the opportunity to submit a reply brief in support of his § 2255 motion; and

5. Deny Petitioner's motion for an order to show cause given that Respondent will be ordered to file a response to Petitioner's § 2255 motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted by a jury of three counts of bank robbery, two counts of use and carrying of a firearm during a crime of violence, one count of use, carrying, and discharge of a firearm during a crime of violence and one count of being a felon in possession of a firearm. (*See* Crim. No. 15-409, ECF 257 at 1). Petitioner received a sentence of 548 months for these convictions. (*See id.* at 3). Petitioner's judgment of conviction was affirmed on direct appeal by the United States Court of Appeals for the Third Circuit. *See United States v. Byrd*, No. 21-2613, 2022 WL 3666309 (3d Cir. Aug. 25, 2022). Petitioner then filed the instant § 2255 motion, (*see* ECF 1), along with other contemporaneous motions mentioned in *surpa* Part I. Each of the pending motions from Petitioner are considered in turn.

## III.    DISCUSSION

### A.  Motion for Judicial Disqualification

Prior to screening Petitioner's § 2255 motion or his other outstanding motions, this Court will first analyze Petitioner's motion to disqualify the undersigned from this § 2255 action. Petitioner asserts that the undersigned should recuse pursuant to 28 U.S.C. § 455(a). Specifically, Petitioner notes Claims VIII and XI of his § 2255 motion as reasons for his recusal motion. Both claims assert ineffective assistance of counsel for counsel's failure to object to certain things that occurred during Petitioner's criminal proceedings. Related to Claim VIII, for example, Petitioner specifically alludes to a side bar conversation between this Court and counsel during Petitioner's trial related to Petitioner's prior convictions. Petitioner states that this Court told the prosecutor how to run its case at that side bar conference while Petitioner was on the stand prior to cross-examination by the Assistant United States Attorneys ("AUSA"). That sidebar colloquy went as follows:

[AUSA ALIABADI]: Before starting, I wanted to confront the issue that I would like to question Mr. Byrd about his prior convictions.
THE COURT: Of course.
[PETITIONER'S TRIAL COUNSEL]: Yes.
[AUSA ALIABADI]: Not just the one that he –
THE COURT: Of course, whatever he has been convicted of.
[AUSA ALIABADI]: Okay, I just didn't want to do this.
THE COURT: Anything else? You're going to play more of the tape that you have edited out? Since he's accused you of editing the tape, are you going to play all the other parts of all the other crimes that he allegedly confessed to?
[AUSA ALIABADI]: Your Honor –
THE COURT: I'm just kidding.
[AUSA RICHARDSON]: Okay.
[AUSA ALIABADI]: Thank you.
THE COURT: All right. Thank you.
(End of sidebar.)
THE COURT: Might I see counsel at sidebar quickly. I'm sorry.
(Sidebar as follows:)
THE COURT: I just want to be clear on the prior record, the details. I mean, the date, the time, the crime, is fine, all right? That's all I really let counsel get into. I don't know how far you're going to get into what the crimes were.
[AUSA ALIABADI]: I was going to – the date, the type of crime, and also sentenced to a lengthy period of incarceration.
THE COURT: That's fine. Now, I know you're going to have an objection to that, but, I can charge the jury about the use of convictions only for credibility purposes and not – they can't conclude that just because he was convicted of something else, he must be guilty of this. But I'll leave that up to defense counsel.
[PETITIONER'S TRIAL COUNSEL]: I would ask that –
THE COURT: Do you want me to tell them now or do you want me to wait until the jury charge. When do you want me to tell them that?
[PETITIONER'S TRIAL COUNSEL]: I would ask that you tell them now, Judge.
THE COURT: After she is done cross-examining?
[PETITIONER'S TRIAL COUNSEL]: Yes.
THE COURT: Okay. So after you're done questioning about his prior record, I'm going to tell the jury that they can only use those prior conviction for purposes of determining whether he is a credible witness.

(*See* Crim. No. 15-409, ECF 208 at 66-68).

Subsequently, after the AUSA began her cross-examination of Petitioner at trial regarding his prior convictions, this Court then interjected to note the limited purposes that the jury could consider such prior convictions. (*See id.* at 70). Related to Claim XI of Petitioner's § 2255 motion, Petitioner claims that trial counsel was ineffective when the undersigned ruled that there was probable cause on an attempted homicide charge.

As noted above, Petitioner claims that the undersigned should be recused pursuant to 28 U.S.C. § 455(a). Initially, this Court notes that under the rules governing § 2255 cases, this matter was automatically assigned to the undersigned given that this Court handled Petitioner's underlying federal criminal proceedings. *See* Rule 4, Rules Governing Section 2255 Proceedings ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.").

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings. Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Community Bank of No. Va.*, 418 F.3d 277, 320 (3d Cir. 2005) (quoting *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man ... would harbor doubts about the judge's impartiality." *Cmty. Bank*, 418 F.3d at 320 (citation omitted). "Judicial rulings alone almost never constitute a

4

valid basis for a bias or partiality motion." *Id.* at 555. Where the grounds for recusal "occurred in the course of judicial proceedings and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" recusal is unwarranted. *Id.* at 556. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 542 (1994). Where the grounds for recusal "occurred in the course of judicial proceedings and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" recusal is unwarranted. *Id.* at 556.

Petitioner's grounds for his motion for recusal occurred during his previous judicial criminal proceedings. Nothing in his motion indicates this Court relied on knowledge acquired outside of those proceedings nor indicates that this Court displayed deep-seated and unequivocal antagonism that would render judgment impossible in this § 2255 action. Instead, what the above discussion indicates is that Petitioner's issue with the undersigned is related to items ruled upon, discussed and decided at his criminal proceedings. Accordingly, Petitioner's motion for judicial disqualification is denied.[1]

B. Screening Petitioner's § 2255 Motion

In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court has screened Petitioner's § 2255 motion for dismissal and determined that a dismissal without a response is not warranted. Thus, Respondent shall be ordered to file a response and Petitioner shall be permitted to file a reply brief in support of his § 2255 motion should he elect to do so.

---

[1] That this Court is denying Petitioner's motion for recusal should not be construed as this Court deciding the merits of Claims VIII and/or XI of Petitioner's § 2255 motion that Petitioner claims warrants the undersigned's recusal.

C.  <u>Motion to File Additional Pages</u>

Petitioner has also filed a motion to file additional pages. (*See* ECF 3). This Court construes this request as Petitioner's request for this Court to consider the 328 pages he supplied this Court in filing his § 2255 motion. That motion will be granted and this Court will consider all of Petitioner's filings associated with his § 2255 motion (*see* ECF 1) as part of the record in this case.

D.  <u>Motion to Submit Full Memorandum of Law</u>

Next, Petitioner has filed a motion entitled a motion to submit a full memorandum of law after the government submits its response. (*See* ECF 4). Given that Petitioner shall be afforded an opportunity to file a reply brief in support of his § 2255 motion based on the scheduled outlined below, this motion can be denied as unnecessary.

E.  <u>Motion for Order to Show Cause</u>

Finally, Petitioner has filed a motion for an order to show cause. (*See* ECF 5) Petitioner essentially requests an order to show cause on why this Court has not yet ruled on his pending motions. As indicated above, Respondent shall be ordered to file a response to Petitioner's pending § 2255 motion. Additionally, Petitioner's other outstanding motions have now been decided through this memorandum and order. Therefore, Petitioner's motion for an order to show cause will be denied.

Accordingly, IT IS on this 9th day of November, 2023,

ORDERED that Petitioner's motion for judicial disqualification (ECF 2) is denied; and it is further

ORDERED that Petitioner's motion for leave to submit additional pages (ECF 3) is granted to the extent that Petitioner requests this Court consider all of his documents

accompanying his § 2255 motion (ECF 1), which this Court will consider part of the record in this case; and it is further

ORDERED that Petitioner's motion to submit a full memorandum of law (ECF 4) is denied as unnecessary as Petitioner shall be afforded the opportunity to file a reply brief in support of his § 2255 motion; and it is further

ORDERED that Plaintiff's motion for the issuance of an order to show cause (ECF 5) is denied; and it is further

ORDERED Respondent shall file a full and complete response to Petitioner's § 2255 motion (ECF 1) within sixty (60) days of the entry of this order; and it is further

ORDERED the response shall respond to the allegations and grounds of the motion and shall adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and it is further

ORDERED if the response refers to briefs or transcripts, orders, and other documents from prior proceedings, then Respondent shall file them with the response and include an index of exhibits; and it is further

ORDERED Petitioner may file a reply to Respondent's response within sixty (60) days after the response is filed should he elect to do so; and it is further

ORDERED the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge