Stephan A. Byd

[Certification of Stephan A. Byr
On 18 U.S.C. § 922(g) Illegal
Conviction]

To. Clerk of Court
For Post on Docket
    Criminal No.: 15-cr-00409
    (RBK)
    Civil No.: 1:23-cv-09610
    (RBK)

DISTRICT OF NEW JERSEY
(Camden Vicinage)

STEPHAN R. BYRD
Petitioner

v.

UNITED STATES OF AMERICA
RESPONDENT

HONORABLE ROBERT B. KUGLER
UNITED STATES OF AMERICA
DISTRICT COURT JUDGE

Criminal No.: 15-409 (RBK)

CIVIL No.: 1:23-cv-09610
(RBK)

[CERTIFICATION OF STEPHAN R. BYRD
ON 18 U.S.C. §922(g) ILLEGAL
CONVICTION]

I, STEPHAN R. BYRD, IN NECESSITY, PRO S
, DEPOSE AND STATE THAT THE FOLLOWING FACTS
ARE TRUE AND CORRECT UNDER PENALTY OF
PERJURY PURSUANT TO 28 U.S.C. SECT. 1746 AND
HEREBY CERTIFIED AS FOLLOWS:

(1.) I, STEPHAN R. BYRD, Depose and State
that Counsel Teri S. Lodge Esq. Failed to argue
on my direct appeal as of right, that I was
illegally convicted under 18 U.S.C. §922(g). Counse
Ms. Lodge argued before the district court in

(1)

the rule 33 for a new trial case 3 of 7 PageID 197, That
the jury charge regarding 18 U.S.C. §922(g) was
erroneous, but failed to put all the intended
facts before the district judge. Ms. Lodge would
then go on to disregard the violation of my
due process rights by not addressing this
issue under rule 52(b) of Federal Rules of Criminal
Procedure for plain error before the Third Circuit
Court of APPEALS.

I, Stephan R. Byrd, depose that:

(2.) Counsel Teri S. Lodge Esq. failed to review the
trial transcripts in full before putting forth
this argument before the district court Judge
Honorable Robert B. Kugler, which allowed for
an adverse ruling against the Petitioner Mr.
Stephan R. Byrd. Had Counsel Teri S. Lodge
read the record of trial transcripts, she would
if recognized that the jury never contemplated
a Fourth Element Pursuant to Rehaif and its
progeny.

3.) I, Stephan R. Byrd, state and depose, that
at trial on April 11, 2019 the Court received a
note from the jury expressing the need for
clarification on the three elements. [ See., Doc.
209-211 , April 11, 2019 , Page. 102 Lines 17-21, as
annexed herewith and incorporated by this reference
as if fully set forth herein.]

April 11, 2019   pp. 102 , Lines 17-21

17. The Court: Jury note No. 2: Can we have
18. Clarification on Count 7, especially the three elements, Page
19. 28 to 30? And then there's a bracket for today And the
20. Second: We'd like to see the requested transcript Friday
21. morning.


4.) I, Stephen R. Byrd, state and depose, that on April 11, 2019, the Honorable Robert B. Kugler brought out the jury in an attempt to bring clarity to their question on the 3 Elements The jury would make reference to the "The part on interstate commerce". The court would provide a snip synopsis on that element, but clearly informs the jury that the government must prove that element "beyond a reasonable doubt", that is the the jurisdictional element. [See., Doc. 209-211, April 11, 2019, Page. 104 Lines 8-25, pp. 105 Lines 1 25, pp. 106 Lines 1-4]


5.) I, Stephen R. Byrd, state and depose, that Pursuant to Rehaif and its progeny. 18 U.S.C. § 922 (g) makes possession of a firearm unlawful when the following four elements are satisfied:

(2)

(1) <u>A status element</u> ["in this case, having been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year"];

(2) <u>A possession element</u> ) ["to possess"];

(3) <u>A</u> <u>jurisdictional element</u> ["in or affectin commerce"]; and

(4) <u>A Firearm element</u> [a "firearm or ammunition"], <u>139 S.Ct. 2191, 2195-96 (2019)</u>.

The Court informs the jury " The first one, I'm not sure what it is you would like me to say about the law. If you could be more specific as to what you want me to tell you about the law of a felon in possession, that would be helpful. The <u>problem is</u>, <u>you know,</u> <u>we're lawyers and I'm</u> <u>a lawyer and we deal with</u> <u>this legal jargon every day,</u> <u>so its easy</u> <u>for me</u> <u>I can understand why</u> <u>legal jargon might throw</u> <u>you.</u>"

6.) I, Stephen Ch. Byrd, State and depose that my due process rights and Sixth Amendment rights were violated when the jury ask for clarification on the <u>3 elements</u>, and the Government failed to inform the jury that it is <u>4 elements</u>, and that it must also prove that the defendant knew he possessed a firearm and that he knew he

(4)

belong persons barred from possessing a firearm, knowledge of status element.

7) I, Stephan R. Byrd, state and Depose that the government A.U.S.A's. Dara A. Aliabadi and Jason Richardson conceded to this Plain Error in <u>Case No: 1:15-Cr-00109 (RBK) Document 249, Filed 5/03/2021, Page 5 of 40, Page ID: 6483.</u>]["While the Government concedes that the relevant jury instruction constituted Plain Error, the defendant suffered no prejudice and therefore he is not entitled to a new trial."]

<u>March</u> ___, <u>2024</u>

Respectfully Submitted

<u>Stephan R. Byrd</u>
Stephan R. Byrd
U.S.M.S. 66971-050
U.S.P. Hazelton
P.O. Box: 2000
Bruceton mills, WV
26525

(6)

**DEPARTMENT OF CORRECTIONS**

## NORTHERN STATE PRISON

### TRUST ACCOUNT STATEMENT

### STATEMENT DATE:    01/18/2024    -    02/21/2024

| SBI #: | 000148365D | Name: | ESTEVES, BERNARDINO | DOB: | 05/05/1970 |
| LOCATION: | NSP-NORTH-C3E-313T | | | INM#: | 618927 |

**TRANSACTION DESCRIPTIONS**    **2101 SPENDABLE SUB ACCOUNT**

| DATE | LOCATION | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|----------|------|-------------------------|-----------------|---------|
| 02/21/2024 | NSP | JPAY | AUTOPAYMENT: JPAY SETOFF_CODE:166382479 | 300.00 | 455.04 |

MAX & PED DATES MAY NOT BE ACCURATE